BOWES, Judge.
Plaintiffs, Edwin N. Loeffler, Sr., Pamela Loeffler, Edwin N. Loeffler, Jr., Rachele Loeffler and Robert Pittman, appeal a summary judgment granted to defendant Allstate Insurance Co. (Allstate). The case arose from an automobile/pedestrian collision.
On appeal, plaintiffs assert the trial judge erred in granting the summary judgment because an issue of material fact remains in dispute precluding the judgment. The issue claimed to be in dispute involves the question of whether automobile liability coverage provided by Allstate on two personal vehicles affords coverage for the plaintiffs’ injuries, when the defendant tortfeasor, Eugene J. Poche, was driving a non-owned vehicle at the time of the accident. We affirm.
FACTS
On January 16,1986, Edwin Loeffler, Sr., a Kenner, Louisiana police officer, responded to an automobile accident on the Ken-ner, Louisiana airport access road. Turning his overhead emergency flashing lights on in his police car, Loeffler stepped out of his vehicle. While standing at the rear of the police car, he was struck by a 1984 Lincoln Towncar driven by defendant, Eugene Poche. Plaintiff was thrown approximately 140 feet from the impact suffering severe injuries.
At the time of the accident, the Towncar was leased by one of Poche’s businesses from Capblanc Leasing of Baton Rouge (Capblanc). The car was insured by Hanover Insurance Company (Hanover) for automobile liability insurance up to a limit of one million dollars ($1,000,000).
As a result of his injuries, Loeffler, his wife and children (the above-named plaintiffs) filed suit against Poche, Hanover, Capblanc, Sal and Sam’s Restaurant, the City of New Orleans, and the New Orleans Aviation Board. Allegations of negligence and Poche’s intoxication were made in the petition. Subsequently, the petition was amended to add Allstate Insurance Company (Allstate). The supplemental petition claimed that an Allstate policy issued to *1212 Poche on two vehicles owned by him would provide additional coverage.
At some point during the proceedings, the plaintiffs settled their claims against Poche and Hanover for approximately one million dollars, the Hanover limits, reserving their right to proceed against Allstate. Allstate thereafter filed a motion for summary judgment contending coverage was excluded since the Lincoln did not qualify as an “insured auto.”
The hearing on the motion was heard and argued on May 23, 1990. On May 24, 1990, the trial judge granted Allstate’s motion and dismissed plaintiffs’ suit.
ARGUMENT
Plaintiffs assert the trial judge erroneously granted the summary judgment because a disputed issue of material fact remains to be resolved. In this regard, they state Poche was deposed on two occasions and, in addition, that he executed an affidavit in conjunction with Allstate’s motion for summary judgment. Plaintiffs contend that in those depositions, and the affidavit, Poche contradicted himself as to whether he used the vehicle solely for business, or whether he had it available and furnished to him on a regular basis, triggering the “non-owned auto — regular use” exclusion of the policy.
Defendant, on the other hand, argues the second deposition taken on April 20, 1990 provides clarification .and explanation for Poche’s comment made in the first deposition that he only used the vehicle for business purposes. It points out a very salient fact — that when the first deposition was taken in October 1986, Allstate had not been made a party to the suit, and, therefore, this point was not important and not at issue then.
ANALYSIS
The Allstate policy contains the following insuring provisions:
“Allstate will pay for all damages an insured person is legally obligated to pay — because of bodily injury or property damage meaning:
1. bodily injury, sickness, disease or death to any person, including loss of services; and
2. damage to or destruction of property, including loss of use.
Under these coverages, your policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto.”
The provisions of the policy defining “insured auto” includes, in pertinent part:
“(4) A non-owned auto used by you or a resident relative with the owner’s permission. This auto must not be available or furnished for the regular use of an insured person.”
In Poche’s first deposition of October 2, 1986, he testified there were no written company rules or regulations regarding the use of the vehicle. He was then asked:
“Why did the company need to lease the vehicle; I mean, was it for use in the business, was it to avoid taxes, or was it for some — ”
Poche’s answer was, “No, for use in the business.” The testimony went on to establish that the purpose for leasing the car was to promote sales and public relations. It was further brought out that the company (or companies) either leased or purchased another vehicle for Poche’s salesman. Following that testimony, Poche was asked “Did you use it [the Lincoln] for any other reason other than business activities?” He responded “Not really.”
The second deposition was taken April 20, 1990, after Allstate became a party defendant. In that testimony, Poche confirmed that the vehicle was leased primarily for business; however, he also explained that he used it on occasion for personal purposes as well. He stated specifically that he drove the Lincoln to and from church on Sundays.
Poche testified that, as owner of the companies leasing the vehicles, he had the authority to make decisions related to the manner in which the leased vehicles were to be used. But, he stated, he never established any such rules or policy and, thus, there was no prohibition against using the *1213 cars for private matters. He further admitted, on further questioning, that a salesman for one of his companies who drove a leased Buick was allowed to take the car home and use it for personal purposes.
Poche testified that the Lincoln was available to any of his salesmen that might need to use it, but said that no one except his son had ever requested it because they had their own cars. ■ However, had a salesman requested the Lincoln, Poche stated he would have required that person to use it only for business. He again made the comment that when he had the car, he only used it for business.
Poche was questioned about his previous deposition and the apparent conflicts between his statements. He explained that he felt the questioning did not require elaboration in the first deposition. He stated that while the car was intended to be used for business, he also used it when he needed to go “somewhere.”
The testimony then focused on the vehicles actually named in the Allstate policy. Those vehicles, Poche contended, belonged to his wife and daughter. He asserted he never drove the Mercury Cougar and he rarely drove his wife’s car, a Buick. He explained that the title to the Cougar was in his name because his insurance premiums were less expensive for two cars, but that it actually belonged to his daughter, who, he stated, took the car with her when she moved out of his house.
In addition to the deposition, Allstate attached an affidavit executed by Poche to its motion for summary judgment. There, Poche unequivocally states that the car was available and furnished for his regular use and that its use was not restricted in any manner.
A motion for summary judgment is appropriately granted only when the pleadings, depositions, answers to interrogatories, admissions on file and affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 961. It is not a substitute for trial, and all doubts are resolved against the granting of the judgment and in favor of a trial on the merits. Caplan v. Pelican Homestead and Sav. Ass’n, 542 So.2d 622 (La. App. 5 Cir.1989). Only when reasonable minds must inevitably conclude the mover is entitled to judgment as a matter of law based on the facts presented to the court is a summary judgment warranted. Caplan v. Pelican Homestead and Sav. Ass’n, supra.
In this ease, the only evidence presented was the various statements made by Poche, the lessee of the vehicle. While his later statements seemed at times contradictory to his first deposition, this contradiction is unquestionably adequately explained, supra, and the analysis of his overall testimony leads to the inevitable and positive conclusion that the true facts are that the Lincoln was “available or furnished" for his own personal use on a regular basis. Thus, we find no question of material fact still at issue and we hold that the vehicle was excluded from coverage under the Allstate policy. Consequently, the trial judge did not err in granting the motion for summary judgment filed by Allstate.
Accordingly, for the above-stated reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellants.
AFFIRMED.